IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERICA LOWERY,<br><br>Plaintiff,<br><br>v.<br><br>N.A.R., INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STRIKE PLAINTIFF'S CLASS CLAIMS<br><br>Case No. 2:18-cv-00480-JNP-PMW<br><br>District Judge Jill N. Parrish |

Before the court is Defendant N.A.R., Inc.'s motion to compel arbitration and to strike Plaintiff Erica Lowery's class claims. [Docket 9]. The court GRANTS the request to compel arbitration and refers to arbitration the request to strike the class claims.

## BACKGROUND

On October 1, 2014, Erica Lowery leased furniture under a rent-to-own agreement. She financed the transaction through Crest Financial Services, LLC, which maintained a security interest in the furniture. She signed a lease agreement that defines the parties to the agreement so as to include any successors and assigns to Crest Financial's rights under the agreement. On or about February 16, 2017, Crest Financial assigned Lowery's obligation to N.A.R., Inc. (NAR) for collection. On June 13, 2017, NAR sent a notice to Lowery regarding the debt owed. On June 13, 2018, Lowery filed a class action complaint against NAR, alleging violations of the Fair Debt Collection Practices Act.

The lease agreement contains an arbitration provision that allows either party to the agreement to demand arbitration of any claim or dispute arising under the lease. NAR now demands arbitration. NAR also asks the court to strike Lowery's class claims.

Lowery did not file a memorandum in opposition to NAR's motion. The court therefore bases its decision on the factual allegations in Lowery's complaint and in NAR's motion, as well as in the exhibits accompanying those filings.

## ANALYSIS

### I. MOTION TO COMPEL ARBITRATION

Section 2 of the Federal Arbitration Act states, in relevant part,

> [a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. This provision reflects the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citation omitted). In light of this policy, a court must enforce an arbitration provision as it would any other contractual provision. *Id.*

When determining whether a dispute is governed by an existing arbitration clause, the court classifies the clause either as narrow or broad. *Sanchez v. Nitro-Lift Techs., L.L.C.*, 762 F.3d 1139, 1146 (10th Cir. 2014). To accomplish this, the court looks for any limiting language in the clause that restricts arbitration to specific disputes. *See id.* Language in the clause applying arbitration to "disputes 'arising under' or 'in connection with' the agreement" is construed broadly. *Id.* at 1147.

2

The arbitration provision of the lease agreement that Lowery signed is broad. Subparagraph 16(c)(i) of the agreement states "[i]f a lawsuit is filed, the Defending Party may elect to demand arbitration under this Arbitration Provision of the Claim(s) asserted in the lawsuit. . . . A demand to arbitrate a Claim may be given in papers or motions in a lawsuit." Subparagraph 16(b)(ii) defines "Claim" as "any claim, dispute or controversy . . . that arises from or relates in any way to this Lease or the Property . . . ; any of our marketing, advertising, solicitations and conduct relating to this Lease, the Property . . . ; [or] our collection of any amounts you owe . . . ." The same subparagraph states that "'Claim' is to be given the broadest reasonable meaning and includes claims of every kind and nature." This arbitration provision is broad because, by its terms, it encompasses all substantive claims "aris[ing] from or relat[ing] in any way" to the lease agreement. Further, there is not any language in the provision excluding arbitration of disputes over the manner in which the creditor collects on the debt. Indeed, the arbitration provision expressly includes disputes over "collection of any amounts [owed]."

The arbitration provision notably does not cover "disputes about the validity, enforceability, coverage or scope" of the provision itself, as stated in subparagraph 16(b)(ii). The subparagraph goes on to state that "all such disputes are for a court and not an arbitrator to decide." But Lowery has not disputed the scope of the arbitration provision inasmuch as she has not filed a memorandum in opposition to NAR's motion. Accordingly, there is no dispute that this court has authority to decide the question of arbitrability and send the case to arbitration. *See Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1292 (10th Cir. 2017) (holding that courts decide the issue of arbitrability unless the arbitration agreement dictates that an arbitrator will decide this issue).

After classifying the scope of the arbitration clause either as narrow or broad, the court must determine whether the dispute at bar falls within that scope. *Sanchez*, 762 F.3d at 1146.

3

"Where the arbitration clause is broad, there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it." *Id.* (emphasis omitted) (citation omitted). The claims that Lowery raises in her complaint arise from NAR's attempt to collect an amount owed under the lease. This plainly falls within the scope of the arbitration provision, which includes "dispute[s] . . . aris[ing] from . . . collection of any amounts . . . owe[d]." Thus, Lowery's claims are governed by the lease agreement's arbitration provision.[1]

As a final matter, "[w]hen a contract contains an arbitration clause, there is a presumption in favor of arbitrability; that is, an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Sanchez*, 762 F.3d at 1147–48 (citation omitted). The arbitration provision of the parties' lease agreement is reasonably "susceptible of an interpretation that covers the asserted dispute" because Lowery alleges unfair debt collection practices and the arbitration provision covers such claims.

Because the arbitration provision of the parties' lease agreement governs the dispute at issue in this suit, the court grants the motion to compel arbitration and dismisses this action.

## II. MOTION TO STRIKE CLASS CLAIMS

The court declines to evaluate the merits of NAR's argument that Lowery waived her right to bring, participate in, or maintain a class action. Having determined that the claims in this action are subject to an arbitration agreement, the question of whether Lowery has waived those rights

---

[1] The lease agreement, at paragraph 16(a), gives the signatory the right to reject the arbitration provision within thirty days of signing. There is no indication in the filings before the court that Lowery exercised that right.

4

does not properly lie before this court. *See Commc'n Workers of Am. v. Avaya, Inc.*, 693 F.3d 1295, 1300 (10th Cir. 2012) ("First, courts (rather than arbitrators) must evaluate the threshold question of whether the parties consented to submit a particular dispute to arbitration. Second, courts making this determination are not to rule on the potential merits of the underlying claims." (citation omitted)). Having elected to arbitrate its dispute with Lowery, NAR may not pick and choose which issues will be resolved by this court and which will be resolved by an arbitrator. Resolution of the question regarding the class claims is therefore left to arbitration.

## CONCLUSION AND ORDER

For the foregoing reasons, the court GRANTS NAR's request to compel arbitration and DENIES NAR's request to strike Lowery's class claims. [Docket 9]. Because this ruling disposes of the controversy before this court, the court directs the Clerk of Court to close the case.

DATED March 8, 2019.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge